UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHERYL TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT CONTROL SERVICES, INC.,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF ACTION

1. Plaintiff Sheryl Taylor ("Plaintiff") brings this action against Defendant Credit Control Services, Inc. ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries

-1-

concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTIONS PRACTICES ACT

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-

consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

9. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

10. "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

11. A key provision of the FDCPA is § 1692g, which requires a debt collector to send in its initial communication with the consumer, or in writing within five days thereafter, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, or any portion thereof, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

12. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

13. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id*.

14. If a consumer disputes the debt in writing, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

15. "The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt . . . ." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014).

## PARTIES

16. Plaintiff is a natural person who at all relevant times resided in the State of Tennessee, County of Shelby, and City of Memphis.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

20. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due, a creditor other than Defendant.

21. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, homeowner's insurance for Plaintiff's personal residence (the "Debt").

22. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23. In connection with the collection of the Debt, Defendant sent Plaintiff a written communication dated March 16, 2016.

24. A true and correct copy of Defendant's March 16, 2016 letter is attached to this Complaint as Exhibit A.

25. Defendant's March 16, 2016 letter was its initial communication with Plaintiff with respect to the Debt and contained the notices required under 15 U.S.C. § 1692g(a).

26. On March 22, 2016, Plaintiff sent a letter to Defendant via U.S. certified mail disputing the validity of the Debt.

27. A true and correct copy of Plaintiff's dispute letter is attached to this complaint as Exhibit B.

28. In her dispute letter, Plaintiff stated that she had met with an agent for her insurance provider who had provided her with information that Plaintiff had paid her insurance in full.

29. Upon information and belief, Plaintiff does not owe the Debt.

30. Therefore, Defendant is attempting to collect a debt which Plaintiff does not owe.

31. In her dispute letter, Plaintiff also made several specific requests regarding proof that Plaintiff owes the Debt, the amount and age of the Debt, and proof that Defendant owns and has authority to collect the Debt. Exhibit B.

32. Defendant received Plaintiff's dispute letter on March 25, 2016.

33. In response to Plaintiff's dispute, Defendant mailed Plaintiff a written communication dated April 5, 2017.

34. A true and correct copy of Defendant's April 5, 2016 letter is attached to this Complaint as Exhibit C.

35. Defendant's April 5, 2016 letter purports to provide the requested validation which stated:

> **VALIDATION NOTICE**
>
> In accordance with your validation request, we contacted your creditor and confirmed the following placement data is correct: TAYLOR SHERYL, PO BOX 897, MEMPHIS, TN 38101. The original placement amount(s) was: $80.51.
>
> Furthermore, in the event we contacted you at an address that differs from the original placement data provided by your creditor, this would be due to data processing research that determined the above referenced mailing address is the most current for this account. If you believe this information is not accurate, please contact this office for personal assistance.
>
> As of 04/05/16, our client's records indicate the above referenced amount is due. Please remit payment at this time. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication was sent by a debt collector.

Exhibit C.

36. As shown above, Defendant's validation notice did nothing more than merely re-state Plaintiff's name, address, and the original placement balance of the Debt. Exhibit C.

37. Defendant's validation notice failed to provide any additional documentation to establish the validity of the Debt.

38. Defendant's validation notice also failed to provide any of the information requested by Plaintiff in her dispute. *Compare* Exhibit B *with* Exhibit C.

39. Defendant's April 5, 2016 letter also attempted to collect the Debt by supplying Plaintiff with different payment options and stating in all caps: "PLEASE PAY THIS AMOUNT: $80.51." Exhibit C.

40. Therefore, Defendant failed to cease collection of the Debt despite not properly responding to Plaintiff's request for verification of the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

41. Plaintiff repeats and re-alleges each factual allegation above.

42. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the debt, including by attempting to collect a Debt which Plaintiff does not, in fact, owe.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    c) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)

43. Plaintiff repeats and re-alleges each factual allegation above.

44. Defendant violated 15 U.S.C. § 1692g(b) by engaging in collection of Plaintiff's Debt, after receiving a written dispute from Plaintiff, without adequately supplying Plaintiff with verification of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

    b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    c) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

45.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 24, 2017

                Respectfully submitted,

                s/Russell S. Thompson, IV
                Russell S. Thompson, IV (029098)
                Thompson Consumer Law Group, PLLC
                5235 E. Southern Ave., D106-618
                Mesa, AZ 85206
                602-388-8898
                866-317-2674 facsimile
                rthompson@consumerlawinfo.com
                Attorney for Plaintiff Sheryl Taylor

Case 2:17-cv-02047-SHL-egb   Document 1   Filed 01/24/17   Page 9 of 9   PageID 9